KLEIN BROTHERS COMPANY, A CORPORATION, RESPOND-ENT, v. JACOB HYMAN, AND IN THE ALTERNATIVE, ISAAC ZINNER, APPELLANTS.

Submitted July 7, 1921—Decided November 3, 1921.

A court which has already entered a judgment of nonsuit in favor of one of the defendants to a suit is without jurisdiction to enter a judgment on the day of adjournment of the trial, against such defendant whose attendance at the adjourned day had been secured by subpœna.

On appeal.

Before Justices SWAYZE, BLACK and KATZENBACH.

For the respondent, *Leo S. Lowenkopf*.

For the appellant Zinner, *Jacob S. Karkus*.

For the appellant Hyman, *Wight, Wight & Golenbock*.

The opinion of the court was delivered by

SWAYZE, J. This is an action brought against Jacob Hyman, and in the alternative Isaac Zinner, for the price of goods sold and delivered.

The real question was whether Zinner or Hyman was responsible for the price. At the trial the plaintiff failed to prove any liability on the part of Zinner and the court granted a nonsuit. Thereupon Zinner left the court room and Hyman requested an adjournment, which was granted, and the case adjourned for one week. At the end of that time it was adjourned for another week. Later, when it was tried, Hyman seems to have subpœnaed Zinner as a witness on his behalf; of course, not for the purpose of giving testimony which would probably be adverse to Hyman, but for the purpose of securing Zinner's attendance, and Zinner appeared in obedience to the subpœna. Thereupon the court, on its own motion, set aside the nonsuit and proceeded to try the case as if Zinner were still a party, with the result that he rendered judgment against Zinner. Zinner raised below and raises here the point that under those circumstances the Perth Amboy District Court had no jurisdiction. This, we think, is clear. It is sufficient to refer to the *Perth Amboy City Market* v. *Baum,* 89 *N. J. L.* 614, and the cases therein cited. It is a novel idea that by subpœnaing a man as a witness on behalf of another he can be subjected to a judgment in debt against himself personally, especially in a case where he already has had a judgment in his favor. It is unnecessary to say more. Assuming that the proceedings were properly conducted otherwise, in the District Court, judgment must have been entered for costs in Zinner's favor, under section 163 of the District Court act. *Comp. Stat., p.* 2002. Let the present judgment be reversed, with costs, since it terminates the litigation.